IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **INDERJEET SINGH, and KIRANJEET KAUR,** ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) ) | No. 07-2449-CM |
| **PETER D. KEISLER, MICHAEL CHERTOFF, GERARD HEINAUER, EMILIO T. GONZALEZ, and ROBERT S. MUELLER, III,** ) ) ) ) ) ) | |
| Defendants. ) ) | |

## MEMORANDUM AND ORDER

Plaintiffs Inderjeet Singh and Kiranjeet Kaur bring this action against defendants Peter Keisler,[1] Michael Chertoff,[2] Gerard Heinauer,[3] Emilio T. Gonzalez,[4] and Robert S. Mueller III.[5] Plaintiffs request that this court compel defendants to take action on their Applications to Adjust Status for plaintiffs to become permanent residents of the United States. The case is before the court on the filings related to defendants' "Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, for Failure to State a Claim upon which Relief can be Granted" (Doc. 8).

Without leave from this court, plaintiffs filed a second surreply regarding defendants' motion

---

[1] Acting Attorney General of the United States at the time of filing

[2] Secretary, Department of Homeland Security

[3] Director, Nebraska Service Center, U.S. Citizenship and Immigration Services ("USCIS")

[4] Director, USCIS

[5] Director, Federal Bureau of Investigation

(Doc. 19). In this surreply, plaintiffs advise the court that defendants have revised their policy for cases similar to plaintiffs—"The policy now mandates that USCIS grant, otherwise approvable adjustment applications, that have been pending, for name checks, for 180 days or more." Consequently, plaintiffs state that "this Court should remand the matter to the agency with instructions that the case be adjudicated forthwith."

Remanding the case under this policy was not part of the requested relief in plaintiffs' complaint. Adding new requests for relief in a surreply to a motion to dismiss is inappropriate. D. Kan. R. 15.1. If plaintiffs wish to amend their complaint in light of the change in policy, they must file an appropriate motion within thirty days of this order.

Additionally, it appears that the inclusion of a new policy could affect the court's analysis of the pending motion to dismiss. As a component of their argument for why this court lacks jurisdiction to hear plaintiffs' complaint, defendants argue that there are no binding time frames within which defendants must act. The new policy may challenge that argument. As a result, the court finds that it would be presently imprudent to make substantive rulings on defendants' motion to dismiss. The court denies the motion without prejudice. However, if plaintiffs fail to file a motion to amend their complaint within thirty days of this order, defendants will be granted leave to refile their motion to dismiss.

**IT IS THEREFORE ORDERED** that defendants' "Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, for Failure to State a Claim upon which Relief can be Granted" (Doc. 8) is denied without prejudice.

**IT IS FURTHER ORDERED** that if plaintiffs want this court to consider any USCIS policy change, they must file a motion to amend their complaint within thirty days of this order.

**IT IS FURTHER ORDERED** that if plaintiffs do not file a motion to amend their complaint within thirty days of this order, defendants will be granted leave to refile their motion to dismiss.

Dated this 27th day of February 2008, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**